Adam Wolf (Cal. Bar. No. 215914)
Peiffer Wolf Carr Kane Conway & Wise, LLP
5042 Wilshire Blvd., No. 304
Los Angeles, CA 90036
Telephone: 415-766-3545
Fax: 415-402-0058
awolf@peifferwolf.com

Stephen M. Kepper
(*pro hac vice* application forthcoming)
INTELLECTUAL PROPERTY CONSULTING, LLC
400 Poydras St. Suite 400
New Orleans, LA 70130
Telephone: (504) 322-7166
Fax: (504) 322-7184
skepper@iplawconsulting.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Divot Board, L.L.C.,<br><br>    Plaintiff,<br><br> v.<br><br>Dongguan Jerry Sports Goods Co., Ltd d/b/a Champkey,<br><br>    Defendant. | **COMPLAINT**<br><br>**PATENT INFRINGEMENT (35 U.S.C. § 271)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Divot Board, L.L.C. ("Divot Board") files this Complaint for Patent Infringement against Dongguan Jerry Sports Goods Co., Ltd d/b/a CHAMPKEY ("Champkey") and alleges as follows:

### THE PARTIES

1. Divot Board is a Delaware limited liability company, with its principal place of business at 31950 Cottonwood Drive, Temecula, California.

2. Champkey is a Chinese company, with its principal place of business located at Room 2206, Building 1, No. 17, Yingbin Avenue, Tangxia Town Dongguan City, Guangdong Province, 523710, China.

## JURISDICTION AND VENUE

3. This action arises under the Patent Act, 35 USC §100 *et seq.* This Court has original jurisdiction over this controversy pursuant to 28 USC §1331 and §1338.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c)(3).

5. Champkey is subject to personal jurisdiction in this district because it directs business activities towards and conducts substantial business within the State of California and this district. Champkey's Internet-based ecommerce stores and fully interactive commercial Internet websites are accessible in California.

## DIVOT BOARD'S INNOVATIONS AND ASSERTED PATENT

6. Divot Board is engaged in the design, manufacture and sale of golf training aids. Divot Board is the designer, manufacturer and retailer of a golf training aid known as "Divot Board," a product shown below that provides instant feedback to a golfer on the contact point with the ball and the ground (hereinafter, the "Patented Device").

 

7. On March 19, 2018, inventor, Robert Longo ("Longo"), owner of Divot Board, filed a provisional patent application under U.S. App. No. 62/645,076 covering the Patented Device with the United States Patent and Trademark Office ("USPTO"). Mr. Longo subsequently filed a non-provisional patent application on March 12, 2019 bearing U.S. App. No. 16/299,477, which matured into U.S. Patent No. 10,639,539 (the "539 Patent") on May 5, 2020 entitled

"GOLF PRACTICE BOARD FOR IMPROVING GOLF SWING."  A true and correct copy of the 539 Patent is attached to this Complaint as Exhibit 1.

8. All rights, title, and interest in the 539 Patent have been assigned to Divot Board, who is the sole owner of the 539 Patent.

9. The 539 Patent is generally directed towards a golf practice board to indicate a club head's path along a ground surface to improve a golfer's swing.  The invention generally includes a mat secured within a frame, a plurality of multi-colored discs pivotably attached to a top surface of the mat that pivot from a first orientation showing one colored surface of the disc to a second orientation showing a different color on the reverse side when contacted by a golf club, and a plurality of mounting spikes on the bottom of the frame used to prevent the practice board from moving during use.

**CHAMPKEY'S INFRINGEMENT OF THE 539 PATENT**

10. Champkey makes, uses, sells, and offers for sale golf training aids and accessories in direct competition with Divot Board.

11. Specifically, Champkey has sold and continues to offer for sale a golf swing training board known as the Golf Impact Mat 3.0 (hereafter, the "Golf Mat"), as shown below, in the United States through retail outlets and e-commerce distributers, including at a minimum, Amazon. See Exhibit 2, a printout of Amazon product listing for Champkey's Golf Mat.




12. As shown in the above pictures, the Champkey Golf Mat includes a golf practice board consisting of a mat secured within a frame with a plurality of multi-colored discs pivotably attached to a top surface of the mat that pivot from a first orientation showing one colored surface of the disc to a second orientation showing a different color on the reverse side when contacted by a golf club.

13. According to its Amazon listing, the Golf Mat also includes a slip-resistant rubber backing that has an "Advanced Texture" on the bottom that will "prevent the mat from moving when training." See Exhibit 2.

14. The Champkey Golf Mat infringes one or more claims of the 539 Patent.

15. Upon information and belief, Champkey was aware, prior to the release of the Golf Mat, and prior to this lawsuit, of Divot Board's 539 Patent and its Patented Device.

16. Champkey possesses the expertise required to understand the scope of claims in the 539 Patent.

17. Champkey does not have a license to the 539 Patent.

18. Champkey's manufacture, use, sale and offer for sale of the Champkey Golf Mat constitutes infringement of at least one claim of Divot Board's 539 Patent, either directly, indirectly, or under the doctrine of equivalents.

**DIVOT BOARD'S NOTICE OF INFRINGEMENT TO CHAMPKEY**

19. Despite Champkey's prior knowledge, Champkey has continued its unauthorized infringing activity. Upon seeing Champkey's product listing on Amazon, Divot Board promptly gave Amazon notice of the infringement along with a copy of the 539 Patent. Amazon responded that it provided to Champkey notice of the infringement and a copy of the 539 Patent.

20. Despite receiving written notice of its infringement of Divot Board's 539 Patent, Champkey has refused to take down its Golf Mat and cease its infringing activity. The Golf Mat continues to be offered for sale and sold directly to consumers throughout the United States.

**FIRST CAUSE OF ACTION**

**PATENT INFRINGEMENT – VIOLATION OF 35 U.S.C. § 271**

21. Paragraphs 1-20 are incorporated by reference as if set forth here in full.

22. Champkey has made, used, sold, and offered for sale products in the United States, including the Champkey Golf Mat, which include all of the elements and limitations of one or more of the claims of the 539 Patent.

23. Champkey has directly infringed and currently infringes the 539 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, including at least claim 1 of the 539 Patent by making, using, selling and offering for sale the Champkey Golf Mat without Divot Board's permission.

24. The Champkey Golf Mat embodies the patented invention of the 539 Patent and infringes the 539 Patent because the product incorporates a golf practice board containing a mat with a divot tracking system that includes multi-colored discs pivotally attached to the mat that pivot from a first position showing one surface to a second position showing the reverse surface when contacted by the golf club.

25. As a result of Champkey's unlawful activities, Divot Board has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law.  Divot Board and Champkey both compete in the same industry of providing golf training aids and sell their products through the same on-line e-commerce websites, including Amazon.  Champkey's continued infringement of the 539 Patent causes harm to Divot Board in the form of price erosion, loss of goodwill, damage to reputation, loss of business opportunity, inadequacy of money damages, and direct and indirect competition.  Monetary damages are insufficient to compensate Divot Board for these harms.  Accordingly, Divot Board is entitled to temporary, preliminary and permanent injunctive relief.

26. Champkey's infringement of the 539 Patent has injured and continues to injure Divot Board in an amount to be proven at trial, but not less than a reasonable royalty.

27. Champkey was aware of Divot Board's 539 Patent prior to releasing its Golf Mat and has continued its unauthorized infringing activity despite this knowledge.  These actions demonstrate Champkey's blatant and egregious disregard for Divot Board's patented rights.

28. Despite its knowledge of Divot Board's 539 Patent, Champkey sold and continues to sell the accused products in complete and reckless disregard of Divot Board's patent rights.  As

such, Champkey has acted recklessly and continues to willfully, wantonly, and deliberately engage in acts of infringement of the 539 Patent, justifying Divot Board to an award of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs under 35 U.S.C. § 285.

### PRAYER FOR RELIEF

A.  An entry of judgment holding that Champkey has infringed and is infringing the 539 Patent;

B.  A temporary, preliminary and permanent injunction against Champkey and its officers, employees, agents, servants, attorneys, and those in privity with them, from infringing the 539 Patent, or inducing the infringement of the 539 Patent, and for all further and proper relief pursuant to 35 U.S.C. § 283;

C.  An award to Divot Board of past damages, not less than a reasonable royalty, as it shall prove at trial against Champkey that is adequate to fully compensate Divot Board for Champkey's infringement of the 539 Patent.

D.  A determination that Champkey's infringement has been willful, wanton, and deliberate, and that the damages against it be trebled on this basis or for any other basis in accordance with law;

E.  A finding that this case is "exceptional," and an award to Divot Board of its costs and reasonable attorney fees, as provided by 37 U.S.C. § 285;

F.  An accounting of all infringing sales and revenues, together with pre- and post-judgment interest interest from the first date of infringement of the 539 Patent; and

G.  Such other and further relief as the Court may deem proper and just.

Dated: July 1, 2022                              Respectfully submitted,

                                                                *s/ Adam Wolf*
Adam Wolf (Cal. Bar. No. 215914)
Peiffer Wolf Carr Kane Conway & Wise, LLP
5042 Wilshire Blvd., No. 304
Los Angeles, CA 90036
Telephone: 415-766-3545
Fax: 415-402-0058
awolf@peifferwolf.com

Stephen M. Kepper
(*pro hac vice* application forthcoming)
INTELLECTUAL PROPERTY CONSULTING, LLC
400 Poydras St. Suite 400
New Orleans, LA 70130
Telephone: (504) 322-7166
Fax: (504) 322-7184
skepper@iplawconsulting.com

*Attorneys for Plaintiff Divot Board, L.L.C.*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial for all matters that may be tried to a jury.

Dated: July 1, 2022                              Respectfully submitted,


                                             *s/ Adam Wolf*
                                             Adam Wolf (Cal. Bar. No. 215914)
Peiffer Wolf Carr Kane Conway & Wise, LLP
5042 Wilshire Blvd., No. 304
Los Angeles, CA 90036
Telephone: 415-766-3545
Fax: 415-402-0058
awolf@peifferwolf.com

Stephen M. Kepper
(*pro hac vice* application forthcoming)
INTELLECTUAL PROPERTY CONSULTING, LLC
400 Poydras St. Suite 400
New Orleans, LA 70130
Telephone: (504) 322-7166
Fax: (504) 322-7184
skepper@iplawconsulting.com

*Attorneys for Plaintiff Divot Board, L.L.C.*