Adam Wolf (Cal. Bar. No. 215914)
Peiffer Wolf Carr Kane Conway & Wise, LLP
3435 Wilshire Blvd., Suite 1400
Los Angeles, CA 90010
Telephone: 415-766-3545
Fax: 415-840-9435
awolf@peifferwolf.com

Stephen M. Kepper
(Admitted *pro hac vice*)
INTELLECTUAL PROPERTY CONSULTING, LLC
400 Poydras St. Suite 400
New Orleans, LA 70130
Telephone: (504) 322-7166
Fax: (504) 322-7184
skepper@iplawconsulting.com

Attorneys for Divot Board, L.L.C.,

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Divot Board, L.L.C.,<br><br>　　　Plaintiff,<br><br>　v.<br><br>Dongguan Jerry Sports Goods Co., Ltd d/b/a Champkey,<br><br>　　　Defendant. | Case No. 5:22−cv−01096-JAK-AFM<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO HOLD CHAMPKEY IN CONTEMPT FOR VIOLATING THE COURT'S ORDER** |

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................ 1

II. RELEVANT FACTS ................................................................................................... 1

 A. Divot Board enforces its patent against Champkey ....................................... 1

 B. The parties resolve this lawsuit with a settlement agreement and a consent permanent injunction. ............................................................................................... 2

 C. Champkey violates the Court's order. ............................................................ 3

III. LEGAL STANDARDS FOR CONTEMPT ............................................................... 4

 A. Champkey failed to take reasonable steps to comply with the Court's order. ............. 5

 B. Champkey's violation of the Court's order was not merely technical or *de minimis*, but flagrantly defied its central purpose. ................................................................ 5

 C. No reasonable interpretation of the Court's order could justify Champkey's knowing violation. ............................................................................................................... 6

V. CHAMPKEY SHOULD BE HELD IN CONTEMPT AND SANCTIONED, AND DIVOT BOARD SHOULD BE FAIRLY COMPENSATED ....................................... 7

VI. CONCLUSION ........................................................................................................... 8

# TABLE OF AUTHORITIES

**CASES**

*Bradford Techs., Inc. v. NCV Software.com*, No. C 11-04621 EDL, 2013 WL 75772 (N.D. Cal. Jan. 4, 2013) .................................................................................................................. 5

*FTC v. EDebitPay, LLC*, 695 F.3d 938 (9th Cir. 2012) ................................................... 7

*General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376 (9th Cir. 1986) .................................... 4, 7

*In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693 (9th Cir. 1993) ........... 4, 5

*McComb v. Jacksonville Paper Co.*, 336 U.S. 187 (1949) ................................................. 4

*NLRB v. Ironworkers Local 433*, 169 F.3d 1217 (9th Cir. 1999) ...................................... 4

*Reebok Int'l v. McLaughlin*, 49 F.3d 1387 (9th Cir. 1995) ............................................. 3

*Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126 (9th Cir. 2006) ................................... 3

*Sepehry-Fard v. Select Portfolio Servicing, Inc.*, No. 14-cv-05142-LHK, 2016 WL 4436312, (N.D. Cal. Aug. 23, 2016) .................................................................................... 3

*UL LLC v. Space Chariot, Inc.*, No. 2:16-cv-08172, 2017 WL 1398317 (C.D. Cal. Apr. 10, 2017) ............................................................................................. 4

*Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510 (9th Cir.1992) ..................................... 7

## I. INTRODUCTION

Divot Board, LLC ("Divot Board") brings this contempt motion seeking sanctions against Defendant Dongguan Jerry Sports Goods Co., Ltd d/b/a Champkey ("Champkey") for its flagrant disregard and violation of this Court's injunction order entered on September 7, 2022. [Dkt. No. 28].

Caught in a clear violation of federal patent law, Champkey agreed to a permanent injunction to settle this lawsuit. The Court signed the injunction, which is thus now an order of this Court. Unfortunately, Champkey is clearly and recklessly violating that court order.

Earlier this year, Divot Board learned that Champkey has continued to sell and import its infringing golf mat directly into the United States through Amazon's platform – a direct violation of the clear restrictions set forth in the Court's order. When this issue was brought to Champkey's attention, no explanation was provided. Divot Board now respectfully moves the Court to hold Champkey in contempt and issue appropriate sanctions to curb the ongoing violations and to fairly compensate Divot Board for its losses.

## II. RELEVANT FACTS

### A. Divot Board enforces its patent against Champkey

Divot Board is the owner of U.S. Patent No. 10,639,539 (the '539 Patent), which covers a novel golf training aid that uses a plurality of multi-colored sequins to track the golf club head bath at moment of contact between the club head, the golf ball, and the ground surface. See Declaration of Robert Longo, [Dkt. No. 16-2] at ¶¶ 3-7. This unique training aid allows the golfer to receive instant feedback on the direction of his or her swing at the moment of impact so that necessary adjustments can be made. *Id.* at ¶ 3. Divot Board's founder and owner, Robert Longo, the inventor for the '539 Patent, built his business around this product, which has achieved significant commercial success since its launch in 2018. *Id.* at ¶ 10.

While golf swing aids existed prior to the '539 Patent, no one had conceived of using pivotally attached sequins to track the clubhead path (or divot) at the moment of impact. This added feature separated Divot Board's products from the market.

1  Defendant Champkey, a foreign manufacturer, thereafter caught wind of this improvement and sought to price Divot Board out of the market by selling a highly similar product – the Professional 13" x 17" Impact Golf Mat 3.0 ("Champkey Golf Mat") – at a fraction of the price. *Id.* at ¶¶ 12-14. Champkey sold the Champkey Golf Mat primarily online, through its website (https://champkeyusa.com/) and other on-line distributors, including Amazon and Walmart. *Id.* at ¶ 11; see also Declaration of Qiang Xiang (Manager of Champkey), [Dkt. No. 19-1], at ¶ 4-5.

After learning of the infringement Divot Board contacted Champkey to put Champkey on notice of its infringement claims. Dkt. No. 16-2, ¶ 20. Champkey did not respond. *Id.* Champkey continued to sell the infringing Champkey Golf Mat, forcing Divot Board to file suit in this Court on July 1, 2022 and to move for temporary and preliminary injunctive relief.

### B. The parties resolve this lawsuit with a settlement agreement and a consent permanent injunction.

Shortly after filing the lawsuit, Champkey represented to this Court that it **_only_** sold the Champkey Mat through Amazon, Wal-Mart, and its website, and that it had voluntarily ceased "all sales" on these platforms as of August 2, 2022. Dkt. No. 19-1, ¶ 7. Champkey further represented that it had "**_no plan to resume sales of the accused Golf Mat product while this lawsuit remains pending_**." *Id.*, at ¶ 17. On or around August 11, 2022, counsel for Champkey advised counsel for Divot Board that it would be willing to settle the dispute on terms where Champkey would no longer sell the accused Champkey Golf Mat. *See,* Declaration of Stephen Kepper ("Kepper Dec.") at ¶ 2 and Ex. A (a copy of the August 11, 2022 email correspondence). Based on these concessions, the parties were able to resolve the dispute involving the ongoing sales of the infringing Champkey Golf Mat. *Id.* at ¶ 3. As part of the settlement, Champkey agreed to have a permanent injunction entered against it that states in part:

> Effective immediately upon entry of this Judgment, Champkey and each of its officers, directors, agents, servants and employees, and anyone acting in concert with Champkey or under its direction or control, during the period commencing on the date hereof and through and including the date of expiration of U.S. Patent No. 10,639,539 ("Patent-in-Suit) are hereby permanently enjoined from making, using, selling, or offering to sell in the United States, or importing into the United States any product that infringes the Patent-in-Suit.

[Dkt. No. 28]

This injunction prohibits Champkey from selling and importing into the United States the Champkey Golf Mat, either directly or through other third parties. On its face, Champkey appeared to have complied with the injunction – never relisting the accused product on the platforms identified in Divot Board's Complaint and TRO motion papers. *See,* Declaration of Michael Longo ("Longo Dec."), at ¶ 3.

### C. Champkey violates the Court's order.

Shortly after settling the lawsuit, Divot Board began to see several duplicate copies of the Champkey Golf Mat being distributed and sold online through other "stores" on Amazon. *Id.* at ¶ 4. Indeed, the only difference between the Champkey Golf Mat and these other mats is that the brand name "Champkey" had either been removed or replaced with some other brand name. *Id.* Based on the similarities, Divot Board became increasingly suspicious that Champkey, as the manufacturer of the infringing product, was deliberately trying to circumvent this Court's permanent injunction order by continuing to sell the infringing product to other intermediary retailers and distributors under their control with full knowledge that these products would end up in the hands of U.S. consumers. *Id.*

Divot Board's suspicions only grew when it learned that Champkey has been continuously selling the Champkey Golf Mat on Amazon's UK platform, but with no geographic restrictions in place to comply with the Court's order. *Id.* at ¶ 6 and Ex. A (screenshots of Amazon UK product listing (accessed Jan. 16, 2024)). Indeed, the Amazon UK platform allows direct shipping of the Champkey Golf Mat to any address in the United States, in direct violation of the Court's injunction order. *Id.* On January 20, 2024, Divot Board successfully purchased the Champkey Golf Mat through the Amazon UK platform and had it directly shipped to its address at 41725 Elm St., Suite 401, Murrieta California 92562. *Id.* at ¶ 6 and Ex. B (copy of January 20, 2024 Purchase Order). Divot Board provided Amazon a copy of the Injunction Order, and the product was successfully taken down. *Id.* at ¶ 7

On February 16, 2024, counsel for Divot Board notified Champkey's legal counsel of the violation of the Court's order and demanded that Champkey provide (1) a list of all distributors

3

1   and resellers that offer to ship the Champkey Golf Mat product into the United States, and (2) an
2   accounting of all such sales. Kepper Dec., at ¶ 4 and Ex. B (a copy of February 16, 2024 email
3   correspondence). Counsel for Champkey responded that he will put Champkey on notice and
4   respond "if…retained for this pending subject matter." *Id.* Despite further repeated efforts to
5   resolve this dispute, Champkey has refused to substantively engage. *Id.* at ¶¶ 5-8.

6   Regrettably, Divot Board now has no alternative, but for the Court to issue an order (i)
7   holding Champkey in contempt for violating the Court's permanent injunction; (ii) sanctioning
8   Champkey as needed to coerce its obedience to the Court's Order, including forcing Champkey to
9   produce a list of all distributors and resellers that offer to ship the Champkey Golf Mat product
10  into the United States, as well as an accounting of all sales; and (iii) compensating Divot Board
11  with an award of lost profits from the infirming sales and reimbursement of its reasonable costs
12  and attorneys' fees for pursuing this contempt action.

13  **III.    LEGAL STANDARDS FOR CONTEMPT**

14  "District courts do, and must, have the authority to punish contemptuous violations of their
15  orders." *Reebok Int'l v. McLaughlin*, 49 F.3d 1387, 1390 (9th Cir. 1995). A party that violates "a
16  specific and definite court order by failure to take all reasonable steps within the party's power to
17  comply," and whose noncompliance is more than *de minimis* and not the product of a reasonable
18  interpretation of the violated order, properly faces civil contempt. *Sepehry-Fard v. Select Portfolio*
19  *Servicing, Inc.*, No. 14-cv-05142-LHK, 2016 WL 4436312, at *7 (N.D. Cal. Aug. 23, 2016)
20  (quoting *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006)).

21  A respondent's conduct need not be willful to violate a court order, and purported good-
22  faith intentions are immaterial: "An act does not cease to be a violation of a law and of a decree
23  merely because it may have been done innocently." *NLRB v. Ironworkers Local 433*, 169 F.3d
24  1217, 1222 (9th Cir. 1999) (quoting *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191
25  (1949)); *see also UL LLC v. Space Chariot, Inc.*, No. 2:16-cv-08172, 2017 WL 1398317, at *2
26  (C.D. Cal. Apr. 10, 2017) ("[T]here is 'no good faith exception to the requirement of obedience'")
27  (quoting *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir.
28  1993)). Finally, "Sanctions for civil contempt may be imposed to coerce obedience to a court order,

or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986).

## IV.     CHAMPKEY IS IN CONTEMPT OF COURT

Champkey's attempts to circumvent this Court's order are deliberate. The appropriate remedy for violating this order—to which they stipulated—is a finding of contempt with suitable sanctions.

### A.  Champkey failed to take reasonable steps to comply with the Court's order.

Despite stipulating to the Court's permanent injunction order, Champkey has failed to take reasonable steps to comply with that order. As the manufacturer of the Champkey Golf Mat, Champkey has total control over how the Champkey Golf Mat is distributed. While Champkey took steps to remove the product from its website and its store listing on Amazon (US), behind the curtain, Champkey actively maneuvered—in direct violation of this Court's order—to continue to sell its product through third parties and other e-commerce distributors directly to consumers in the United States.

Most notably, despite representing to this Court that it has ceased "all sales" of the Champkey Golf Mat (See Dkt. 19-1 (Xiang Dec.), at ¶¶ 14-17), Champkey failed to remove the product listing from Amazon UK.[1] This is likely only the tip of the iceberg. This evidence, combined with the proliferation of numerous duplicate products still being sold on Amazon through other third parties, is telling of Champkey's intentions to circumvent the Court's order. Moreover, Champkey's continued silence in the face of these allegations is telling that Champkey's duplicity likely runs deeper than what Divot Board has been able to uncover.

### B.  Champkey's violation of the Court's order was not merely technical or *de minimis*, but flagrantly defied its central purpose.

The Court's order is clear and unambiguous: Champkey is permanently enjoined from selling, offering for sale, or importing into the United States any products that infringe the '539

---

[1] To comply with the Court's order, Champkey need only implement geographic restrictions on these e-commerce websites, which Amazon allows. But it has refused to do so.

Patent. Champkey has ignored this order by continuing to sell the infringing Champkey Golf Mat to other third parties and directly to United States consumers via Amazon UK website. This is not a mere technical or *de minimis* violation – it is a striking repudiation of both the letter and the spirit of the order.

Champkey cannot seriously contend it is in "substantial compliance" with the Court's order when it has violated the central tenant of the order – its clear prohibition on selling and importing into the United States the infringing Champkey Golf Mat. "'[S]ubstantial compliance' does not encompass serious, direct violations such as those at issue here," which negate the very purpose of the order. *Bradford Techs., Inc. v. NCV Software.com*, No. C 11-04621 EDL, 2013 WL 75772, at *7 (N.D. Cal. Jan. 4, 2013) (holding party in contempt for violating stipulated protective order) (citing *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10. F.3d 693, 695 (9th Cir. 1993)).

**C. No reasonable interpretation of the Court's order could justify Champkey's knowing violation.**

Champkey cannot plausibly argue that its violations of the Court's order should be excused because the order is not specific and definite. First, the order on its face is unambiguous. It requires Champkey and "anyone acting in concert with Champkey or under its direction or control" to immediately stop selling, offering to sell, and importing infringing products into the United States. The obligation imposed on Champkey is clear, and its subsequent compliance by removing its product from Amazon (US), Walmart, and its website only confirms that Champkey understood the scope of the injunction.

Second, Champkey specifically agreed to the plain, unambiguous language of the order it violated. The parties' settlement agreement was negotiated among counsel with multiple iterations, and the parties agreed upon the exact form of the stipulated order they would file with the Court. Kepper Dec., at ¶ 3. Champkey had every opportunity to raise an issue if it saw any ambiguity in the order or if it had any problem with the scope of the injunction, but it never did. The Court should dismiss any argument from Champkey that the order it helped draft is unclear.

Third, there is no interpretation of the order under which Champkey's conduct could be permissible. This lawsuit centered on the infringing Champkey Golf Mat, and the parties settled and released their claims on the condition that Champkey would no longer sell the infringing product. Indeed, in response to the settlement and order, Champkey stopped selling the infringing product on the platforms that were described in the lawsuit, confirming its understanding that the injunction applied to the Champkey Golf Mat. It would be disingenuous to now argue the stipulated injunction somehow does not cover the sole product at issue in the litigation.

## V.  CHAMPKEY SHOULD BE HELD IN CONTEMPT AND SANCTIONED, AND DIVOT BOARD SHOULD BE FAIRLY COMPENSATED

Champkey has refused to respond to Divot Board's outreach in order to deter Champkey from violating the Court's order. For instance, Divot Board reached out to Champkey's counsel, who promised to relay the issues raised herein to Champkey—which outreach Champkey ignored. The Court should now exercise its authority "to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir.1992) (citation omitted). The Court has "broad equitable power" to do so. *FTC v. EDebitPay, LLC*, 695 F.3d 938, 945 (9th Cir. 2012) (quotation omitted).

First, the Court should issue an order holding Champkey in contempt for violating the Court's September 7, 2022 permanent injunction order.

Second, the Court should require Champkey to immediately cease any and all sales of the Champkey Golf Mat, including the removal of all product listings for the Champkey Golf Mat, that are offered to customers in the United States, whether directly or through an intermediary reseller or distributor.

Third, the Court should sanction Champkey in an amount sufficient to ensure compliance with the Court's September 7, 2022 permanent injunction order. "Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." *General Signal Corp. v.*

*Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986). Coercive fines, or any portion thereof, are payable to the Court rather than to the opposing party. *Id.*

Divot Board respectfully suggests that the Court sanction Champkey in the amount of $50 per day of its contumacious behavior. That amounts to $30,150, for the 603 days (from the date of injunction through the date of the present filing) that Champkey has offered its product for sale to customers in the United States. Divot Board will update this number in its reply brief in order to account for the intervening time period.

Fourth, the Court should order Champkey to compensate Divot Board for its losses related to Divot's Board resulting losses. This includes the amount of Champkey's profits for sales of the offending product to customers in the United States, as well as reimbursement of Divot Board's reasonable costs and attorneys' fees for having to pursue this contempt action.

Requiring an accounting of Champkey's relevant sales will yield the profits that Champkey will need to disgorge to Divot Board. Moreover, Divot Board's current fees and costs for ensuring compliance with the Court's order total $5,582.00. Kepper Decl. at ¶ 8.

## VI. CONCLUSION

Champkey was well-positioned to comply with this Court's consent order. It refused to do so. It further refused to engage with Divot Board when confronted with its non-compliance.

There is no excuse for such violations of a Court order. The only just remedy is a contempt finding and an order that Champkey take specific corrective measures, with appropriate coercive and compensatory sanctions as requested above.

Divot Board wishes that this Motion were unnecessary. It thanks the Court for its assistance with forcing compliance with the Court's prior order.

Dated: May 3, 2024

Respectfully submitted,

*/s/ Adam B. Wolf*
Adam Wolf (Cal. Bar. No. 215914)
Peiffer Wolf Carr Kane Conway & Wise, LLP
5042 Wilshire Blvd., No. 304
Los Angeles, CA 90036
T 415-766-3545
F 415-402-0058
awolf@peifferwolf.com

8

- and -

*/s/ Stephen M. Kepper*
Stephen M. Kepper
(admitted *pro hac vice*)
INTELLECTUAL PROPERTY CONSULTING, LLC
400 Poydras St. Suite 400
New Orleans, LA 70130
Telephone: (504) 322-7166
Fax: (504) 322-7184
skepper@iplawocnsulting.com

*Attorneys for Plaintiff Divot Board, L.L.C.*

## CERTIFICATE OF SERVICE

I hereby certify the foregoing Memorandum of Points and Authorities in Support of Motion to Hold Champkey in Contempt for Violating the Court's Order was filed this 3rd day of May 2024 with the Clerk of Court using the CM/ECF system. Defendant's current or former counsel will receive that notice via CM/ECF on this date. Furthermore, I have emailed this pleading to Defendant, via the email address that Plaintiff's counsel has been communicating with Defendant over the past week.

*/s/Crystal Lathrop*

9