UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIVOT BOARD, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>DONGGUAN JERRY SPORTS GOODS CO.,<br><br>      Defendant. | No. 5:22-CV-01096-JAK (AFMx)<br><br>**ORDER RE MOTION OF STEVEN E. LAURIDSEN OF TUCKER ELLIS LLP TO WITHDRAW AS ATTORNEY (DKT. 32)** |

1

On May 20, 2024, Tucker Ellis LLP ("Counsel"), counsel for Dongguan Jerry Sports Goods Co., Ltd. d/b/a Champkey ("Champkey" or "Defendant"), filed an Unopposed Motion for Leave to Withdraw as Counsel (the "Motion" (Dkt. 32)). Based on a review of the matters raised by the Motion, it has been determined that, pursuant to Local Rule 7-15, the matter can be decided without oral argument. For the reasons stated in this Order, the Motion is **GRANTED**.

"A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." L.R. 83-2.3.2. Such a motion must be supported by good cause, and "failure of the client to pay agreed compensation is not necessarily sufficient to establish good cause." *Id*. "An attorney requesting leave to withdraw from representation of an organization of any kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) must give written notice to the organization of the consequences of its inability to appear pro se." L.R. 83-2.3.4.

"The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Hershey v. Berkeley*, No. 07-CV-689-VAP, 2008 WL 4723610, at *1 (C.D. Cal. Oct. 24, 2008) (quoting *Kassab v. San Diego Police Dep't*, No. 07-CV-1071-WQH, 2008 WL 251935, at *1 (S.D. Cal. Jan. 29, 2008)). Courts weigh the following four factors when evaluating a motion for leave to withdraw: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Huntington Learning Ctrs., Inc. v. Educ. Gateway, Inc.*, No. 09-CV-3200-PSG, 2009 WL 2337863, at *1 (C.D. Cal. July 28, 2009) (quoting *Beard v. Shuttermart of Cal, Inc.*, No. 07-CV-594-WQH, 2008 WL 410694, at *2-3 (S.D. Cal. Feb. 13, 2008)).

Counsel seeks to withdraw because it has neither represented nor advised Defendant in this action since 2022, when a permanent injunction was entered, and the case was closed. Dkt. 32 at 4. Counsel contends that, after the entry of the permanent injunction, Defendant terminated its representation and retained new counsel with respect to any ongoing proceedings in this matter. *Id.* at 7. Counsel argues that Defendant's termination of their representation has led to a "substantial breakdown in the attorney-client relationship" that makes it unable to provide ongoing representation, including in connection with the Motion for Contempt filed by Plaintiff on May 3, 2024. *Id.* at 7-8; *see* Dkt. 30. Counsel further contends that, given Defendant's termination of the attorney-client relationship, it does not expect Defendant to pay its fees for time spent on this matter if it is not permitted to withdraw as counsel. Dkt. 32 at 7.[1] Defendant was served with the Motion, but has not filed any response. *See Id.* at 10. Under Local Rule 7-12, this may be interpreted as consent to the relief sought.

Counsel has presented a sufficient showing of an irreparable breakdown in the attorney-client relationship. Counsel declares that Defendant has retained new counsel, that Defendant has communicated it no longer seeks representation by Counsel and that Defendant and Counsel have not been in communication since 2022. Dkt. 32-2 ¶ 2-3, 7-8. These considerations foreclose any ability by Counsel to provide meaningful representation on behalf of Defendant.

The other *Huntington Learning* factors are also satisfied. Because Plaintiff has not opposed the Motion (*see* Dkt. 32 at 2), there is no basis to find that Plaintiff will be prejudiced if it is granted. Further, Counsel contends that there is "no risk that permitting withdrawal will harm the administration of justice." Dkt. 32 at 8. This matter has already

---

[1] Counsel contends that "[c]ourts [] permit attorneys to withdraw where the client fails to pay its attorneys' fees." Dkt. 32 at 7. Although Counsel cites numerous cases in support of this proposition, those cases were all decided prior to 2014, when the Local Rules were revised to clarify that an inability to pay fees is "not necessarily sufficient to establish good cause." *See Changes to the Local Rules Proposed to Become Effective 6/1/2014*, United States District Court Central District of California, https://www.cacd.uscourts.gov/news/changes-local-rules-proposed-become-effective-612014. Accordingly, this factor will be considered, but it is not dispositive of the issue presented by the Motion.

3

been resolved pursuant to a settlement between the parties, and neither Plaintiff nor Defendant has, "as a result of this motion[,] sought to continue the July 15, 2024 hearing on Plaintiff's motion for contempt." *Id.* Counsel further contends that, "based on correspondence with Defendant," Defendant's new counsel is likely to lodge an appearance shortly. *Id.*

The Motion also complies with the Local Rules. In support of the Motion, Counsel has provided a declaration of Stephen E. Lauridsen ("Lauridsen"), one of the attorneys who previously represented Defendant. Dkt. 32-2 ¶ 2. Lauridsen declares that, on May 10, 2024, he sent Defendant an email informing it that he intended to file the Motion if substitution of counsel were not promptly filed. *Id.* ¶ 6-7. In that email, Lauridsen also informed Defendant that "it could not proceed pro se, [it] needed an attorney admitted to practice before this Court, and [it] could not appear and defend itself without an attorney and thus could not oppose the motion for contempt or appear and argue at the hearing unless it retained new counsel." Dkt. 32 at 8-9; *see* Dkt 32-2 ¶ 7. Lauridsen declares that Defendant acknowledged the notice and stated that it had retained new counsel. Dkt. 32-2 ¶ 8.

For the foregoing reasons, sufficient good cause has been shown for the requested relief. Therefore, the Motion is **GRANTED**; provided, however, this Order is stayed for 14 days from its issuance to permit Defendant's new counsel to file an appearance in this action. If new counsel for Defendant does not timely enter an appearance within 14 days, the Motion for Contempt may be deemed unopposed, in part because Defendant cannot represent itself in this matter. Counsel shall provide a copy of this Order to Defendant, notify Defendant of the time within which its new counsel must enter an appearance, and of the potential consequences if no appearance is timely entered.

1  **IT IS SO ORDERED.**

3  Dated: June 07, 2024  _____
4  John A. Kronstadt
5  United States District Judge